Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 11-30014

v.

CHRISTOPHER ALLEN THREET
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX  (1)  The Government moved for detention at Defendant's first appearance pursuant to:

    XX  18 U.S.C. § 3142(f)(1).

    ___  18 U.S.C. § 3142(f)(2).

___  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___  (1)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___  (2)  The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

  __    (3)    A period of less than five years has elapsed since

          __    the date of conviction, **or**

          __    Defendant's release from prison for the offense described in finding (B)(1).

  __    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    __    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    XX    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    XX    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    XX    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  __    (1)    There is a serious risk that Defendant will not appear.

  __    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__ both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(l):**

The Government moves to detain Defendant, arguing that a presumption in favor of detention applies. I conclude that the Government is correct, as the charge of possession of a firearm in furtherance of a drug trafficking offense has a penalty greater than 10 years and is also a crime of violence. I next must consider Defendant's circumstances under the factors set forth in 18 U.S.C. § 3142(g).

As to subsection (g)(1), I note that the offenses charged involve narcotic drugs, specifically marijuana, and the possession of weapons in furtherance of drug trafficking crimes. I find as to subsection (g)(2) that from a review of the sworn affidavit accompanying the criminal complaint, there appears to be a definite weight of evidence against Defendant.

As to subsection (g)(3), Defendant is 29 years of age, is single and has four children. He lives in the Metamora, Michigan, area. Defendant has resided primarily at an address on Montrose Street in the Flint, Michigan, area for seven years and would, if released, reside with a girlfriend in the Grand Blanc, Michigan, area. Counsel for Defendant states that Defendant is a legal user of medical marijuana and asserts that Defendant possesses an

identification card to that effect. Defendant reported to Pretrial Services that he began using marijuana 11 years ago at age 18 and is a daily user of marijuana. This appears to be corroborated by preliminary urinalysis testing, which was positive for marijuana.

In March 2001, at age 19, Defendant was charged with felony criminal sexual conduct third-degree in Flint. He pled guilty to a reduced charge of aggravated assault and was sentenced to the maximum possible for that charge, 365 days in jail. At age 22, in March 2004, Defendant was apparently charged with misdemeanor family offenses. It appears that a warrant was requested in that case, however, Pretrial Services has not been able to develop further information on this matter.

The Government points to two other drug-related charges said to be pending against Defendant. Counsel for Defendant takes issue with the characterization of these incidents by Pretrial Services. The first appears to be an April 2005 misdemeanor dangerous drug charge in Flushing, and the outcome of that case is currently unknown. The second appears to be July 2010 felony controlled substance charge of possession with intent to deliver marijuana. Pretrial Services believes that the matter is pending. Counsel for Defendant states that a police report indicates that Defendant was released "pending lab testing results." Defense counsel implies in his argument that no charges were actually made against Defendant. As described by the AUSA, the incident arose out of a traffic stop followed by a search of Defendant's vehicle, which yielded not only quantities of marijuana, but baggies, scales and other drug paraphernalia.

The incident giving rise to the charges pending now in this Court, according to the sworn affidavit supporting the criminal complaint, arose out of the search of a rental home occupied by Defendant. Quantities of marijuana were found in a box on the front porch. In a bedroom and an adjoining room were found not only marijuana plants growing in cups, but substances appearing to be fertilizer. Large plants were found in the dining room.

Processed marijuana was found in the living room and family room. Also found in a bedroom closet, adjacent to 15 marijuana plants growing in cups, was a loaded uncased Remington 12-gauge shotgun. Counsel for Defendant points out that weapons such as this are commonly seen in rural areas and could have many potential uses. While this is true, the Government is equally correct that, as a drug user, Defendant is prohibited by federal law from possessing any weapons, no matter what their purpose.

As mentioned, Defendant states that he is a legal user of marijuana and is capable of producing a state medical marijuana identification card. Whether or not that is a fact, I conclude that the quantities of marijuana described in the sworn affidavit supporting the criminal complaint are inconsistent with the personal use of marijuana, and are considerably above the limited quantities allowed for growth and use by medical marijuana users under state law.

Counsel for Defendant proposes a friend of Defendant as a person with whom he could live while on bond, along with what I perceive to be the suggestion that this person would be willing to serve as a third-party custodian for Defendant. While I have no reason to discredit that person's willingness to assist Defendant, I conclude that under the circumstances, and in light of her employment, she would be unable to exercise the level of control that I would deem absolutely necessary for a third-party custodian relationship under the circumstances of this case.

Therefore, based upon the evidence before me, I find first of all that the presumption in favor of detention has not been rebutted on the evidence presented. I further find that, even if it had, I am unable to craft any conditions or combination of conditions which would, under the circumstances, reasonably assure the safety of the community.

Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder
CHARLES E. BINDER
Dated: January 18, 2011          United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker and George Bush, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: January 18, 2011          By     s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder